On Rehearing.
.WHITE, Associate Justice.
The bone of contention here is whether or not the action of the Civil Service Commission in suspending the employees in question was proper in the light of the Commission’s Rule VIII. Rule VIII provides :
'“Absence from duty without leave or failure to report after leave has expired, or has been disapproved or revoked and cancelled by the City Manager and/or Commission, shall be cause for discharge; however, if the officer or employee subject to discharge shall show to the satisfaction of the City Manager and/or Commission that such absence or failure to report was excusable, his reinstatement may then be in order.”
Under Section 4 of the 'Charter, as amended by Chapter 18890, Acts of 1937, the Commission is granted authority to promulgate rules “to carry out the purpose of this Act and for examinations appointments, and removal in accordance with its provisions; * * (Italics added.) Rules thus promulgated cannot abridge or curtail the powers of the City Manager granted by the Legislature through the municipal charter. Section'25 of the iChar-ter, as so amended, confers the power upon the City Manager to appoint and remove city employees. Section 12 of the Charter, as so amended, confers power to suspend employees likewise upon the City Manager.
Any interpretation of the Commission’s Rule VIII which allows the Commission to control the removal or suspension of an employee, necessarily operates to usurp the prerogative granted by the 'Charter only to the City Manager.
The ruling of the Commission which has been made under a misinterpretation of the rule is as follows:
“On consideration of the specified charges, the testimony and evidence taken before the Commission, and the records of the Commission, it is the finding and judgment of the Commission that [names of employees omitted] are guilty of violation of Rule VII, Section 5(t) of the Civil Service Rules as respectfully charged.
“It is further the finding and judgment of the Commission that in view of the foregoing that such absence without leave is excusable under the provisions of Rule VIII, Section 5 of the Rules of the Commission and that said employees be and they are hereby suspended for a period of 60 days without pay commencing the day of their respective suspensions by the City Manager and upon the expiration of such suspension period shall be reinstated to duty.”
When analyzed, it is seen that by its ruling the Commission, in effect, has said: “,We find these employees guilty as *778 charged, but there are mitigating circumstances and punishment by dismissal as proposed by the City Manager is too severe. We impose a more equitable punishment and merely suspend them for 60 days.”
Such a ruling obviously abridges the rights of the City Manager under the Charter and cannot be recognized.
What the Commission had a right to say under its rule, but failed to say, was this: “We find that these employees have been absent from their employment, but we find that such absence was excusable. Therefore, we find them not guilty and their reinstatement is in order.”
The decision of the Commission cannot properly be interpreted as such a finding of “not guilty”, because an intention to the contrary is shown. Punishment was imposed. Had it been the intention of the Commission to find the employees “not guilty” by reason of an excusable absence there would have been no punishment. The imposition of punishment indicates an intention to find the employees “guilty” and the rights under the Charter to suspend or remove vested solely in the City Manager, were brought into play. Therefore, the second paragraph of the Commission’s decision quoted herein must be treated as mere surplusage and ignored.
The 'Court adheres to the original opinion.
TERRELL, Acting Chief Justice, MATHEWS and DREW, JJ., concur.
THOMAS, SEBRING and ROBERTS, JJ., dissent.